NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3031
_____

ROGER FOUCHE,
                    Appellant

v.

NJ TRANSIT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-09-03766)
Honorable Susan D. Wigenton, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
June 26, 2012

BEFORE:  FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>,
and OLIVER, <u>District</u> <u>Judge</u>*

(Filed: July 16, 2012)
_____

OPINION OF THE COURT
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.


_____

*Honorable Solomon Oliver, Jr., Chief Judge of the United States District Court for the
Northern District of Ohio, sitting by designation.

This matter comes on before this Court on an appeal from an order granting summary judgment dated July 11, 2011, entered on July 14, 2011, in this action under the Civil Rights Act of 1964 and the New Jersey Law Against Discrimination. The District Court set forth the background of the case in its comprehensive memorandum opinion and thus we need not repeat it in detail. Rather, we simply state that the dispute arose out of plaintiff-appellant Roger Fouche, a full-time bus driver for defendant-appellee New Jersey Transit Corporation, a previous part-time driver, having sought for religious reasons an accommodation excusing him from driving on Sundays. To accommodate his request, New Jersey Transit, which operates on a seven-day per week schedule, would have been required to shift some Sunday driving to other drivers. This accommodation would have placed an undue hardship on New Jersey Transit as Fouche's election not to drive on certain Sundays would have resulted in a breach of the seniority provision of the union's collective bargaining agreement, thus raising a legal issue. Ultimately, after administrative proceedings that we need not describe, New Jersey Transit discharged Fouche. This action followed.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal, see Shaver v. Siemens Corp., 670 F.3d 462, 470 (3d Cir. 2012), and thus can affirm only if "there is no genuine dispute as to any material fact and [New Jersey Transit] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).

We are in full accord with the opinion of the District Court and will affirm substantially for the reasons that it set forth. We, however, add the following. Of course,

we are respectful of the religious beliefs of an individual who seeks to adjust his work schedule to conform with those beliefs. Moreover, we do not question Fouche's sincerity in explaining his understanding of how his religious obligations affected his activities. Nevertheless, we think that Fouche's good faith in taking a full-time position with New Jersey Transit is questionable because when he took that position he surely knew or should have known from his prior part-time employment with New Jersey Transit that its drivers ordinarily are sometimes assigned Sunday driving duties. Furthermore, we are impressed by New Jersey Transit's willingness to employ Fouche, as previously, on a part-time basis when he objected to Sunday driving and thus make it possible for him to avoid driving on that day.

The order of July 11, 2011, entered July 13, 2011, will be affirmed.